UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------X
FRANCES KYLE,

              Plaintiff,

MEMORANDUM
AND ORDER

-against-

03 CV 3540 (SLT)(KAM)

CITY OF NEW YORK et al.,

              Defendants.
----------------------------------------------X
TOWNES, U.S.D.J.

On June 1, 2006, Defendants moved *in limine* to exclude from trial evidence arising out of an investigation performed by Defendant New York City Department of Health following Plaintiff's internal complaint of discrimination. For the reasons stated below, Defendants' motion is granted.

Under Federal Rule of Evidence 403 ("Rule 403"), relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." F.R.E. 403. "Most circuits...have left the question of whether to admit [Equal Employment Opportunity Commission] or state-agency findings to the sound discretion of the trial court," *Paolitto v. John Brown E&C, Inc.*, 151 F.3d 60, 65 (2d Cir. 1998) (collecting cases), as "the district court is in the best position to consider the quality of the report, its potential impact on the jury, and the likelihood that the trial will deteriorate into a protracted and unproductive struggle over how the evidence admitted at trial compared to the

evidence compared by the agency." *Id.* (*citing Denny v. Hutchinson Sales Corp.*, 649 F.2d 816, 821-22 (10th Cir. 1981)).

In this case, Plaintiff seeks to introduce records from the investigation conducted by Defendants' Equal Employment Opportunity ("EEO") office after Plaintiff filed a complaint in December 2001 alleging that her supervisor, Defendant Karanjai, was sexually harassing her. These records include, *inter alia*, interview notes and deposition testimony of former EEO employees who collected and documented the findings of the EEO investigation. (*See, e.g.,* Saurborn Decl. Exs. C, E.) Plaintiff also seeks to introduce the EEO finding that "the allegation of inappropriate behavior on the part of a city manager were substantiated." (Saurborn Decl. Ex. A at 457.)

Evidence of administrative decisions containing "factual conclusions, that, if taken at face value, might reasonably be construed as foreclosing deliberation" on an element of Plaintiff's case pose a significant risk of unfair prejudice to the party against whom it is offered. *Abramowitz v. Inta-Boro Acres, Inc.*, 1999 WL 1288942, *8 (E.D.N.Y. Nov. 16, 1999) (Glasser, J.) (finding limited the probative value of evidence of administrative determination of pretexual nature of plaintiff's termination). Additionally, the risk of unfair prejudice cannot be easily outweighed where, as here, the party seeking to introduce administrative findings will have a full and fair opportunity at trial to present the evidence it submitted to the agency. *See Paolitto*, 151 F.3d at 65; *see also Abramowitz*, 1999 WL 1288942, at *8 (E.D.N.Y. Nov. 16, 1999) (Glasser, J) (Unemployment Insurance Appeal Board decision excluded under Rule 403 because it "would function, in effect, as a kind of vouching for plaintiff's evidence" on an element of his claim).

2

Plaintiff's reliance on *Charrette v. S.M. Flickinger Co.*, 806 F. Supp. 1045 (N.D.N.Y. 1992), and *Jones v. City of New York*, 2002 WL 207008 (S.D.N.Y. Feb. 11, 2002), is misplaced. In *Jones*, an action arising under 42 U.S.C. § 1983, evidence of internal investigations of plaintiff's complaint was highly probative on the issue of whether the plaintiff's allegations were taken seriously by local officials, an issue that could prove to be crucial in a cause of action brought under § 1983. *Jones*, 2002 WL 207008, at *4. *Charrette*, too, is inapposite, as the plaintiff therein sought to introduce evidence of comments made by his supervisors on the quality of his work, not the results of an internal investigation. 806 F. Supp. at 1057-1058.

Given the high potential for prejudice and confusion, Defendants' motion to exclude evidence arising out of the investigation of Plaintiff's EEO complaint is hereby granted.

**SO ORDERED.**

Dated: August 7, 2006
Brooklyn, NY

SANDRA L. TOWNES
UNITED STATES DISTRICT JUDGE